UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA – TAMPA DIVISION

CASE NO. 8:15-bk-10728-MGW
CHAPTER 7

IN RE:

Kay N Johnson
aka Kay Nichols Johnson,
      Debtor
_____/

FEDERAL NATIONAL MORTGAGE ASSOCIATION'S
MOTION FOR RELIEF FROM THE AUTOMATIC STAY
(Surrender Property)

**NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING**

Pursuant to Local Rule 2002-4, the Court will consider this motion, objection, or other matter without further notice or hearing unless a party in interest files an objection within 21 days from the date set forth on the proof of service attached to this paper plus an additional three days for service. If you object to the relief requested in this paper, you must file your response with the Clerk of the Court at 801 N. Florida Avenue, Suite 555, Tampa, FL 33602-3899, and serve a copy on the Movant's attorney, Marc G. Granger, Esq., at Kahane & Associates, P.A., 8201 Peters Road, Ste 3000, Plantation, FL 33324, and any other appropriate persons within the time allowed.

If you file and serve a response within the time permitted, the Court may schedule and notify you of a hearing, or the Court may consider the response and may grant or deny the relief requested without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice of hearing, and may grant the relief requested.

      **COMES NOW,** Seterus, Inc., as the authorized subservicer for Federal National Mortgage Association ("Fannie Mae"), creditor c/o Seterus, Inc., its Successors and/or Assigns ("Secured Creditor"), by and through its undersigned counsel, moves for Relief from the Automatic Stay and states as follows:

1.  The Court has jurisdiction over this matter pursuant to 11 U.S.C. § 362, FRBP 4001(a) and the various other applicable provisions of the United States Bankruptcy Code, Federal Rules of Bankruptcy Procedure and the laws of the United States of America.

2.  The Debtor listed above (the "Debtor") filed a voluntary petition pursuant to Chapter 7 of the Bankruptcy Code on October 23, 2015.

3.  Secured Creditor holds a security interest in the Debtor's non-exempt real property located at **213 Majestic Drive, Cross Lanes, West Virginia 25313,** by virtue of a Deed of Trust dated April 17, 2003, which was recorded in the Public Records of Kanawha County, West Virginia, on April 24, 2003, in Official Records Book 2972, Page 898. Said Deed of Trust secures a Note in the amount of $110,400.00. See Exhibit "A" attached hereto.

4.  The aforementioned Mortgage gives Secured Creditor a first mortgage position on said property, legally described as:

> All that certain lot, tract or parcel of land, together with the improvements thereon and the appurtenances thereunto belonging, situate in Union District, Kanawha County, West Virginia, and being more particularly described as Lot Thirty Eight (38), Section Two (2), Majestic Heights Subdivision, as shown upon a map thereof entitled, "Final Plat of Section Two (2) Lots 36 Thru 52 & Lots 61 Thru 63 Majestic Heights Subdivision Developed by The Majestic Land Company Near Cross Lanes, West Virginia Situate on the Waters of Duddings Fork a Rocky Fork a Tributary of the Poca River, Union District, Kanawha County, West Virginia", bearing date April 10, 1984, made by Dunn Engineers, Inc., which map is of record in the Office of the Clerk of the County Commission of Kanawha County, West Virginia, in Map Book 38, page 21.
>
> And being the same property conveyed unto Kay Nichols Johnson by M. Nicole Elkins now known as M. Nicole Ciliberti by deed dated August 24, 2001, and of record in Deed Book 2533, at page 830, to which deed reference is hereby made for a more particular description herein conveyed.
>
> This conveyance is made subject to such rights of way, easements, reservations, restrictions, covenants and conditions as the same may be contained in prior deeds of record in the chain of title.

5. Upon information and belief, said property has not been claimed exempt and, pursuant to the duly filed Statement of Intentions, the property is being surrendered. The property has not been abandoned by the Trustee.

6. Furthermore, according to the Debtor's Schedule "D", the estimated market value of the subject property is $85,740.00. Thus, there is no equity in the subject property for the benefit of unsecured creditors of the estate. See Exhibit "B" attached hereto.

7. Secured Creditor's security interest in the subject property is being significantly jeopardized by the Debtor's failure to make regular payments under the subject loan documents while Secured Creditor is prohibited from pursuing lawful remedies to protect such security interest.

8. Secured Creditor maintains that cause exists pursuant to 11 U.S.C. §362(d)(1) for the automatic stay to be lifted to allow Secured Creditor to pursue its *in rem* remedies.

9. Secured Creditor respectfully requests the Court waive the fourteen (14) day stay of the Order Granting Relief pursuant to Bankruptcy Rule 4001 (a)(3), so the Secured Creditor can pursue its *in rem* remedies without further delay.

10. Secured Creditor has incurred attorneys' fees of $750.00 and costs of $176.00 as a result of having to file this Motion. Secured Creditor seeks an award of its fees and costs or, alternatively, leave to seek recovery of its reasonable bankruptcy attorneys' fees and costs in any pending or subsequent foreclosure action.

11. Pursuant to 11 U.S.C. § 362(e), Secured Creditor hereby requests that in the event a hearing becomes necessary one be held within thirty (30) days

12. Secured Creditor requests that the Court Order provides that all communications sent by Secured Creditor in connection with proceeding against the property including, but not

limited to, notices required by state law and communications to offer and provide information with regard to a potential Forbearance Agreement, Loan Modification, Refinance Agreement, Loss Mitigation Agreement, or other Loan Workout, may be sent to the Debtor.

**WHEREFORE**, Secured Creditor respectfully requests that the automatic stay be lifted so that it may pursue *in rem* remedies to protect its security interests in the Debtor's property outside of the bankruptcy forum, that the fourteen (14) day stay of the Order Granting Relief pursuant to Bankruptcy Rule 4001(a)(3) be waived, that Secured Creditor's attorneys' fees and costs incurred in filing this Motion be recoverable as part of the debt pursuant to the loan documents under the remedies available therein, that in the event a hearing is necessary one be held within thirty (30) days, and for such other relief as the Court may deem just and proper.

**Kahane & Associates, P.A.**
8201 Peters Road, Suite 3000
Plantation, Florida 33324
Telephone: (954) 382-3486
Telefacsimile: (954) 382-5380

By:_____
☐ Marc G. Granger, Esq., Fla. Bar No.: 146870
☐ Gregg S. Ahrens, Esq., Fla. Bar No.: 352837
☐ Taji Foreman, Esq., Fla. Bar No.: 58606

**I HEREBY CERTIFY** that a true and correct copy of the Motion for Relief from Stay was delivered to the addressees on the attached mailing list by First Class U. S. Mail postage prepaid and/or by Electronic Filing this 14 TH day of December, 2015.

Respectfully Submitted,
**Kahane & Associates, P.A.**
8201 Peters Road, Suite 3000
Plantation, Florida 33324
Telephone: (954) 382-3486
Telefacsimile: (954) 382-5380

By:_____
☐ Marc G. Granger, Esq., Fla. Bar No.: 146870
☐ Gregg S. Ahrens, Esq., Fla. Bar No.: 352837
☐ Taji Foreman, Esq., Fla. Bar No.: 58606

File No.: 15-04775 SET
V2.20151006

## Mailing List

**Kay N Johnson**
4001 Beneva Rd. #312
Sarasota, FL 34233

**Melanie Archer Newby**
Jodat Law Group P.A.
521 Ninth Street West
Bradenton, FL 34205

**Traci K. Stevenson,** *Trustee*
P O Box 86690
Madeira Beach, FL 33738

*U.S. Trustee*
**United States Trustee - TPA7/13**
Timberlake Annex, Suite 1200
501 E Polk Street
Tampa, FL 33602