ORDERED.

Dated: December 02, 2019

Michael G. Williamson
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

IN RE:

KAY N. JOHNSON,                                    Case No. 8:15-bk-10728-MGW

_____ Debtor. /

**ORDER GRANTING CHAPTER 7 TRUSTEE'S MOTION TO (I) APPROVE
A SHORT SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS,
CLAIMS, ENCUMBRANCES, AND INTERESTS PURSUANT TO
11 U.S.C. § 363(b), (f), AND (m), AND (II) OTHER RELIEF**
(4001 Beneva Rd, Apt 105 Sarasota, FL 34233)

THIS CASE came on for hearing on November 19, 2019 to consider Chapter 7 Trustee, Traci K. Stevenson's ("Trustee") Motion to (I) Approve A Short Sale of Real Property Free and Clear of Liens, Claims, Encumbrances, and Interests Pursuant to 11 U.S.C. §363(b), (f), and (m), and (II) Other Relief (the "Motion") (Doc. #172). David B. McEwen, Esq. appeared on behalf of Trustee. No other appearances were made, and no responses have been filed. The Court (A) has reviewed the Motion, (B) considered the proffers of counsel, including the additional information that the real property is not encumbered by a first mortgage and there will be no "carve-out" fund, (C) stated the Court's reasons orally which have been recorded in open court, which will constitute findings of this Court, and (D) finds:

(1).    The Motion to be unopposed and appropriate to be granted;

(2).    Kay N. Johnson (the "Debtor") filed for relief under Chapter 7, Title 11, U.S.C., and Trustee was appointed as the Chapter 7 Trustee of this bankruptcy estate;

(3). This Court has jurisdiction over this proceeding under 28 U.S.C. §§157 and 1334 and venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409; and

(4) Notice of the motion and hearing is proper and adequate.

Accordingly, it is:

**ORDERED** as follows:

1. The notice of the Motion and the hearing thereon is approved as proper and adequate under the circumstances.

2. The Motion is **GRANTED** and the sale to Bruce Young ("Buyer") is approved as the highest and best offer.

3. Trustee is authorized to sell to Buyer for the purchase price of $70,000.00 the real property located at:

> Unit 105 of Beneva Ridge, a Condominium according to the Declaration of Condominium thereof, recorded in Official Records Book 1140, Page(s) 1097, of the Public Records of Sarasota County, Florida, and any amendments thereto, together with its undivided share in the common elements.
>
> Street address: 4001 Beneva Road, Apt #105 Sarasota, FL 34233

Hereinafter the "Real Property".

4. The Trustee is authorized to pay the undisputed liens or claims at closing of the sale, as set forth is the Settlement Statement.

5. Pursuant to Section 363(f) of the Bankruptcy Code, effective upon closing, the sale of the Real Property will vest in the Buyer all right, title and interest of the Debtor and the bankruptcy estate in the Real Property, free and clear of the liens, claims or interests listed below (collectively, the "Affected Interests"):

  A. Kay N. Johnson, a.k.a. Kay Nichols Johnson, Debtor;
  B. Dottie Lee McCracken Johnson;
  C. Beneva Ridge Condominium Association, Inc.;
  D. Meetze Construction, LLC; and
  E. BC Restoration, LLC.

6. Unless the holders of the liens, claims or interests identified in paragraph 5 above

have agreed to other treatment, or their interest have been stripped under 11 U.S.C §506(d), their liens, claims or interests shall attach to the proceeds of the sale with the same force, effect, validity and priority that previously existed against the Real Property. To enforce their claims of interests, if any, against the proceeds of the sale, the holders of liens, claims or interests identified in paragraph 5 above must file a proof of claim in this bankruptcy proceeding within thirty (30) days of this order or be forever foreclosed from asserting claims against the proceeds of this sale.

7. This Order is and shall be effective as a determination that, upon and subject to the occurrence of the closing of the sale, all Affected Interests have been and hereby are adjudged and declared to be unconditionally released as to the Real Property.

8. Buyer has not assumed any liabilities of Debtor.

9. Trustee is authorized to execute any such releases, termination statements, assignments, consents or instruments on behalf of any third party, including the holders of any liens, claims or interests identified in paragraph 5 of this Order, that are necessary or appropriate to effectuate or consummate the sale. Moreover, the Trustee is hereby authorized to execute the purchase agreement, or other related documents that are reasonably necessary or appropriate to complete the sale, and to undertake such other actions as may be reasonably necessary or appropriate to complete the sale.

10. Trustee, and any escrow agent upon the Trustee's written instruction, shall be authorized to make such disbursements on or after the closing of the sale as are required by the purchase agreement or order of this Court, including, but not limited to, (a) all delinquent real property taxes and outstanding post-petition real property taxes pro rated as of the closing with respect to the Real Property included among the purchased assets; (b) Real Estate Brokers' Commission; and ( c) other anticipated customary closing costs. Without further order of the court, the Trustee is authorized to pay closing costs in amounts different than the estimated amounts described in the Settlement Statement filed with this court (Doc. #172-1) so long as they are within industry standard.

11. Except as otherwise provided in the Motion, the Real Property shall be sold,

transferred, and delivered to Buyer(s) on an "as is, where is" or "with all faults" basis.

12. Buyer is approved as a buyer in good faith in accordance with Section 363(m) of the Bankruptcy Code, and Buyer shall be entitled to all protections of Section 363(m) of the Bankruptcy Code.

13. This Court retains jurisdiction to enforce and implement the terms and provisions of this Order and the purchase agreement, all amendments thereto, any waivers and consents thereunder, and each of the documents executed in connection therewith in all respects, including retaining jurisdiction to (a) compel delivery of the Real Property to Buyer, (b) resolve any disputes arising under or related to the purchase agreement, and ( c) resolve any disputes regarding liens, claims, or interests asserted against the Real Property.

14. The purchase agreement and any related documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by both parties without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtor's bankruptcy estate.

15. The 14 day stay period pursuant to Rule 6004(h) is waived and this Order shall be effective and enforceable immediately upon entry.

*Attorney David B. McEwen, Esquire, is directed to serve a copy of this order/judgment on interested parties who are non-CM/ECF users and to file a proof of service within 3 days of entry of the order/judgment.*